UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JAMES HOUSTON,

    Plaintiff,

v.                                                        05-1314

DANIEL QUICK,

    Defendant.

## Case Management Order #1

    This case is before the court for a merit review under 28 U.S.C. §1915A. The merit review standard is the same as a motion to dismiss standard. *Pro se* complaints are liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). The allegations are taken as true, and a claim can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521.

    The plaintiff, currently incarcerated in Pinckneyville Correctional Center, alleges that Defendant Quick was deliberately indifferent to the plaintiff's serious medical needs at Illinois River Correctional Center. Specifically, he alleges that Defendant Quick, a registered nurse, refused to examine and treat him for complaints of severe chest pains. According to the plaintiff, he suffered a mild stroke during the night after Quick's refusal.

    The plaintiff states an Eighth Amendment claim for deliberate indifference to his serious medical needs. *See, e.g., Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001). At this stage, severe chest pains allow an inference that the plaintiff suffered from a serious medical need, and Defendant Quick's failure to examine the plaintiff or offer any treatment gives rise to an inference of deliberate indifference. This case will therefore proceed per the standard procedures.

    Also before the court is the plaintiff's motion for appointment of counsel. Before the court can consider the merits of the motion, the plaintiff must show that he has made reasonable attempts to obtain a lawyer on his own. *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir.1995). He has not shown what attempts he has made to secure his own counsel, and therefore his motion will be denied, with leave to renew.

IT IS THEREFORE ORDERED:

1) The merit review hearing scheduled for December 20, 2005, is cancelled as unnecessary. Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states a federal claim for deliberate indifference to his serious medical needs.

2) This case shall proceed solely on the federal claim identified in paragraph one above. Any claim not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or pursuant to Federal Rule of Civil Procedure 15.

3) The plaintiff's motion for counsel is denied (d/e 2).

4) The plaintiff's motion to amend to add a deliberate indifference claim is denied as moot (d/e 4). The plaintiff's Complaint already states a deliberate indifference claim.

5) The necessary deficiency orders are directed to be entered, if any.

6) After the plaintiff satisfies all deficiencies, a Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.

7) A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.

8) The defendant shall file an <u>answer</u> within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

Entered this 9th Day of December, 2005.

s\Harold A. Baker

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE